UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Newbridge Securities Corporation,<br><br>    Plaintiff<br><br>v.<br><br>Smart Powerr Corp fka China Recycling Energy Corporation, a domestic corporation; et al.,<br><br>    Defendants | Case No.: 2:22-cv-0551-JAD-VCF<br><br>**Order Granting in Part Motion to Amend Default Judgment**<br><br>[ECF No. 19] |

On plaintiff's motion, the Clerk of Court entered a default judgment in its favor against Smart Powerr Corp fka China Recycling Energy Corporation under Federal Rule of Civil Procedure (FRCP) 55(a).[1] Plaintiff Newbridge Securities Corporation now moves to amend that judgment to one under FRCP 55(b) that includes an order directing specific performance of stock in lieu of a money judgment.[2] Because Newbridge has demonstrated that its claims satisfy the seven-factor analysis laid out by the Ninth Circuit in *Eitel v. McCool*,[3] I grant the motion and direct the Clerk of Court to enter an amended judgment.

**Findings of Fact**

Newbridge petitioned this court for shares of Smart Powerr Corp. under the contract entered into between it and Smart Powerr.

---

[1] ECF No. 17.

[2] ECF No. 19.

[3] *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

1. Smart Powerr was validly served with the complaint, the notice of default, and the motion for default judgment, and has not answered or otherwise appeared in this matter. Default was entered against Smart Powerr on July 1, 2022.[4]

2. Smart Powerr trades its shares on NASDAQCM with as ticker symbol of CREG.

3. Smart Powerr entered into a contract with Newbridge for Newbridge to assist Smart Powerr in raising capital through the sale of Smart Powerr stock.

4. Smart Powerr provided the initial 100,000 shares due to Newbridge under the contract but failed to convey the remaining 50,000 shares (5,000 shares after a reverse stock split) to Newbridge.

5. The contract provided that Smart Powerr was to convey to Newbridge warrants equaling 7% of the number of shares sold during the capital raise. Smart Powerr did not honor the warrants upon Newbridge's exercise thereof.

6. 7% of 265,234 shares equals 18,568 warrants to be issued to Newbridge exercisable at $1.07 as of August 24, 2020 (the "First Warrants").

7. 7% of 133,250 shares equals 9,328 warrants to be issued to Newbridge as of September 25, 2020 (the "Second Warrants").

8. Newbridge exercised its right to both the First Warrants and Second Warrants on February 8, 2022.

9. The total cash value for the shares as of August 16, 2022, is $139,066.00.

10. The price per share of the shares as of January 19, 2023, is $1.94.

---

[4] ECF No. 12.

$139,066.00 divided by $1.94/share equals to 71,684 shares of CREG as of January 19, 2023.[5]

## Conclusions of Law

Defendant Smart Powerr breached its agreement with Newbridge; Newbridge did not breach its agreement with Smart Powerr.

Newbridge is entitled to the sum of $139,066.00 plus statutory interest, which is the equivalent of 71,684 shares of CREG as of January 19, 2023.[6]

## Order and Judgment

IT IS THEREFORE ORDERED that the motion to convert or amend the default judgment **[ECF No. 19] is GRANTED in part.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that **Defendant Smart Powerr must immediately transfer, or cause to be transferred, 71,684 shares of its stock (CREG) to Newbridge. The Clerk of Court is directed to AMEND the JUDGMENT [ECF No. 17] to so reflect.**

_____
U.S. District Judge Jennifer A. Dorsey
March 15, 2023

---

[5] Newbridge's proposed order and judgment contains findings and conclusions about Newbridge's right to assign CREG shares. But the operative complaint contains no allegations about this assignment right and does not seek such relief. FRCP 54(c) states that "[a] default judgment must not differ in kind from . . . what is demanded in the pleadings." Because a judgment directing the assignability of stock was not contemplated by the amended complaint, this relief is not available under the rules of this court.

[6] Newbridge's proposed judgment and order includes a finding that Newbridge is entitled to attorney fees and costs. But Newbridge has not undertaken the analysis required in this district under Local Rule 54-14 for this court to make such findings and conclusions. Accordingly, this default judgment does not address attorney fees or costs. Newbridge should consult local rules 54-1 through 54-14 before making further requests in this regard.